# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-KA-00499-SCT

*ROBERT RICHMOND*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/1997 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | VICKI LACHNEY GILLIAM |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DIERDRE McCRORY |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | 12/22/99; denied 2/10/2000 |
| MANDATE ISSUED: | 2/17/2000 |

## BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Robert Richmond was convicted in the Circuit Court of the First Judicial District of Hinds County on a charge of motor vehicle theft and was sentenced as an habitual offender to a term of five years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment rendered against him, Richmond appeals, raising the following issues as error:

**I. THE TRIAL COURT ERRED BY FAILING TO QUASH AND ALLOWING THE STATE TO PROCEED ON AN IMPROPER INDICTMENT FOR THE CHARGE OF MOTOR VEHICLE THEFT.**

**II. THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY AS TO (A) THE PROPER ELEMENTS OF MOTOR VEHICLE THEFT AND (B) THE LESSER INCLUDED CHARGE OF TRESPASS.**

**III. THE UNDERLYING STATUTE FOR THE CHARGE OF MOTOR VEHICLE THEFT IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AND A FAILURE TO CONTAIN A REQUISITE *MENS REA*.**

**IV. RICHMOND WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.**

**V. THE TRIAL COURT ERRED BY FAILING TO GRANT RICHMOND'S MOTION FOR DIRECTED VERDICT, JNOV AND/OR THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

<u>STATEMENT OF FACTS</u>

¶2. Barbara Biggs, a resident of 757 Lorraine Street in Jackson, testified that on the evening of January 27, 1997, she went to bed "[p]robably between 10:30 and 10:45." After going to bed, Biggs looked outside her window and saw two black males beside her car, trying to get the driver's door open. She banged on the wall, and they left. She then called 911 to report the incident to the police and asked that an officer come to her home. The police arrived and told her to put her "club" anti-theft device on the steering wheel of her car.

¶3. Later she heard someone else at her car, and she looked out the window to see one black male at the driver's side door of her car, trying to open the door. She called 911 again and reported that the man did gain entrance to her car and was trying to remove the "club." Biggs again called 911 and told the dispatcher that, "He just succeeded in stealing my car" as she watched him pushing the car out of her driveway. The vehicle was a black 1987 Buick Regal. Shortly afterward two police cars arrived. Biggs told the officers what happened, and they immediately gave chase to the offender. Officer Sam Anderson then brought the car back to Biggs' house, where she noticed that "The steering column was busted," and the upholstery was stained with "black marks."

¶4. Officer Anderson testified that he had been dispatched to the scene of an "auto theft in progress." Upon reaching Lorraine Street, he "noticed a two-door, black Buick backing up out of a driveway." Anderson "pulled on the right side of this vehicle." Continuing to observe it, he saw "that the subject that was driving the car had a hard time driving it because it seems like he couldn't steer the car that good. At that point, he kind of veered over to the left." This "subject", whom Anderson identified as the defendant Robert Richmond, then "jumped out of the car and proceeded to run back east between the house where he backed up out the driveway with the vehicle."

¶5. Anderson pursued Richmond on foot, behind the Jefferson Street Apartments and over fences, continually ordering Richmond "to get down on the ground." Finally, Richmond was impeded by an insurmountable fence, where Anderson "grabbed him and shoved him to the ground and handcuffed him." From the time Richmond jumped out of the car until Anderson apprehended him, some "two to three minutes" elapsed, and Anderson never lost sight of him. Upon examining the Buick, Anderson found that the windows were up, there was no broken glass, and the steering column was "busted" to allow manual ignition of the car without having a key. Anderson recovered a tire iron and black glove from inside the car.

¶6. Officer Kenneth Travis responded to the first call of "attempted auto theft" and advised Biggs to put the "Club" on her steering wheel. Travis "was a couple of blocks away" when the second call was transmitted. Travis testified that:

> While I was responding, the dispatcher had her [Biggs] on the phone and she stated that they were-- the guy- whoever was in the car, was backing out of the driveway. At that time I had just turned the corner from Hardy Street to Lorraine. I saw the black, '87 Regal pulling out of driveway. It was

headed south on Lorraine Street.

\* \* \*

I pulled in behind it, turned on my blue lights and it started veering to the left, apparently because he had the Club on it. He couldn't control the car. And once the car stopped, I stepped out of my car, just inside the driver's door, to see if anybody was going to exit with the weapon. When I saw that he didn't have a weapon, I stepped from behind the car. I was going to try to apprehend him. But at that time, he ran behind the car, between 757 Lorraine and the other house just next to it.

¶7. Travis identified this man as Richmond. Having pursued him for "just a short distance, just up the sidewalk," Travis observed that the Buick "was still rolling." At that point Anderson took up the chase while Travis secured the vehicle. Shortly afterward, Anderson returned with Richmond in custody. Richmond did not present any evidence at trial. He was convicted of motor vehicle theft and sentenced as a habitual offender to a term of five years with the Mississippi Department of Corrections.

## DISCUSSION OF LAW

### I. THE TRIAL COURT ERRED BY FAILING TO QUASH AND ALLOWING THE STATE TO PROCEED ON AN IMPROPER INDICTMENT FOR THE CHARGE OF MOTOR VEHICLE THEFT.

### II. THE TRIAL COURT ERRED BY FAILING TO INSTRUCT THE JURY AS TO (A) THE PROPER ELEMENTS OF MOTOR VEHICLE THEFT AND (B) THE LESSER INCLUDED CHARGE OF TRESPASS.

¶8. Richmond's first and second issues on appeal attack the sufficiency of the indictment and the correctness of the offense-defining jury instruction. The following two statutes are implicated:

**Grand Larceny; second or subsequent offense of felonious taking of motor vehicle; penalties.**

(1)(a) Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Two Hundred Fifty Dollars ($250.00) or more, shall be guilty of grand larceny, and shall be imprisoned in the penitentiary for a term not exceeding five (5) years; or shall be fined not more than One Thousand Dollars ($1,000.00), or both . . . .

Miss. Code Ann. § 97-17-41 (Supp.1996)

**Taking possession of or taking away a motor vehicle.**

(1) Any person who shall, willfully and without authority, take possession of or take away a motor vehicle belonging to another, and any person who knowingly shall aid and abet in such taking possession or taking away, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than five (5) years.

Miss. Code Ann. § 97-17-42 (Supp.1996)

¶9. The top of the indictment sets out the offense and controlling statutes as follows: "mot. veh. theft HAB

97-17-42/99-19-18." The language of the indictment returned against Richmond charged in pertinent part that he:

"... did wilfully, unlawfully, feloniously and without authority, take possession of or take away a certain motor vehicle described as one (1) 1987 Buick Regal, two door automobile, black in color the property of Barbara Biggs a more particular description being to the Grand Jury unknown, of the total value of more than $250.00..."

¶10. Before trial, the State moved to amend the indictment to delete the words "of a total value of more than $250.00" as being mere surplusage and outside the elements of the crime of motor vehicle theft. Richmond's counsel objected and moved to quash, based on the fact that the indictment was not clear as to whether the defendant was being charged with grand larceny under Miss. Code Ann. § 97-17-41 or with motor vehicle theft under Miss. Code Ann. § 97-17-42. The lower court recognized that to delete the amount would be a substantive amendment and refused to do so. The trial court then mistakenly asked, "So we can still go forward under the grand larceny indictment?", to which the prosecutor responded in the affirmative.

¶11. The State then presented evidence that the vehicle in question had very low mileage for its age and was worth between $3,000 and $3,500. This issue next appeared when Richmond objected to instruction S-1, as follows:

The Court instructs the jury that if you believe for the evidence in this case, beyond a reasonable doubt, that the defendant, Robert Richmond, alone or with another, on or about January 28, 1997: (1) did then and there wilfully, unlawfully, feloniously and without authority, take possession of or take away a certain motor vehicle described as one (1) 1987 Buick Regal, two door automobile, black in color, (2) said property having a total value exceeding $250.00, (3) said property being the property of Barbara Biggs; then it is your sworn duty to find the defendant guilty as charged.

¶12. After this instruction was tendered, defense counsel objected on the ground that the instruction should have had the additional element of the intent to permanently deprive. A detailed analysis of the exchanges between the trial court and counsel for both parties is essential to establish the context for the challenged sufficiency of the indictment and the "offense tracking" jury instruction. The record continued as follows:

Mr. Taylor [assistant district attorney]: The grand larceny does require the intent to deprive permanently. But, your Honor, again, this case was brought under the Motor Vehicle Theft Statute with the $250 thing inadvertently left in there. And you said that I had to prove that, and I've attempted to do that.

The Court: But I understand in your case, though, as I take it, your position is that you were going under the new statute. But in the indictment it says, "If you also charge something that you didn't have to," and that was the $250.

Mr. Taylor [assistant district attorney]: Yes. And you said that we were married to that, and so we've been.

The Court: Yes. I don't have any doubt that was in the indictment. Mr. Crites, what do you say to that? Because the State actually put another burden on it they didn't have to.

Mr. Crites [attorney for Richmond]: Well, I think that- my understanding was we were proceeding under grand larceny. It's either motor vehicle theft or grand larceny. The motor vehicle theft- I assume the reason that we have this statute is to eliminate the need to prove its intent to deprive permanently.

The Court: I'm sure that's the reason for it. And the State is saying that's the one that they used. They just put another element on it to make it a harder case for them to prove that they didn't have to.

Mr. Crites [attorney for Richmond]: The only element that they added, I think, was the $250. I mean, if it is, in fact, grand larceny, then they're going to have to prove the intent to deprive. It either is or isn't, to me.

The Court: They're saying it isn't grand larceny; it's motor vehicle theft. They just put something in the indictment that they didn't have to, per the statute, which makes their case harder to prove. And I know I would not amend the indictment pursuant to your objections to their motion to amend. But now I've got to properly instruct the jury. And if this was, indeed-- which they have at the top-- motor vehicle theft, and just another added element-- I'm going to go ahead and give this one. I think the State made an error but they've attempted to correct the error by proving an element of the crime that they didn't have to prove. And I'm going to find that this is the appropriate instruction to give to the jury.

¶13. Richmond was subsequently convicted on the offense of motor vehicle theft and sentenced as an habitual offender to a term of five years in the penitentiary pursuant to Miss. Code Ann. § 97-17-42 and § 99-19-81. This issue was finally discussed during the hearing on the motion for a new trial. When Richmond challenged the indictment and the offense defining instruction, the State responded as follows:

Your honor will recall that before the trial started, the State made a motion to amend out of the indictment the allegation of value in excess of $250 as being surplusage under the Motor Vehicle Theft Statute.

* * *

...for this trial, the State made a motion to amend it out, to make it conform with the exact amount of proof. Defense objected to that amount and allowed it to remain in there. They said they wanted that additional burden in there. Your honor then stated that since the State had voluntarily put that additional element on itself, we should continue to have to bare it, and we did.

* * *

What I may have said we were trying is of no moment. The State is bound by the indictment, which was an allegation of motor vehicle theft with the additional element, the unnecessary additional element which we had to prove- and did- beyond a reasonable doubt of a value of more than $250. Any embarrassment or trouble at trial caused to the defendant was caused by the defendant's prevailing on his opposition to our motion to amend. If this was a wound to the defendant, it was, your Honor, a self-inflicted wound.

* * *

The jury was properly instructed as to motor vehicle theft with the additional element which the State

had foolishly placed upon itself.

¶14. At the conclusion of the State's argument over the sufficiency of the indictment and the offense defining instruction, the trial court conducted the following colloquy:

The Court: One of the points that Mrs. Gilliam makes does concern me, and that is did I require the State to carry the burden of proving the $250, which, if I had granted your motion to amend the indictment, you would not have had that burden. She makes a point that after I did that, instead of talking about motor vehicle theft, I spoke of grand larceny. What do you say as to whether or not that was error on my part? To start referring to it as grand larceny when there was not the additional element of the intent to deprive?

Mr. Taylor: It was error, your Honor, but harmless error. The jury could not possibly have been misled, because they were properly instructed. If I said that and it's in the record, I must have. It was error. But, again, it was harmless error. It could not possibly have prejudiced the defendant in any manner whatsoever, because they were, in fact, properly instructed.

¶15. Richmond's lawyer reiterated the argument that the court's reference to grand larceny had misled trial counsel, Mr. Crites, into believing that he was defending a grand larceny charge. The trial court ultimately rejected Richmond's argument as follows:

The State recognized the problem that the indictment had, prior to trial... The fact is, however, the State did raise it, it was objected to by the defendant, the Court sustained the defendant's objection and required the State to prove an additional element that was not necessary to be proved because it was stated in the indictment. I don't think anyone was confused as to what I required the State to do. Had there not been an objection on the defendant's part, the indictment certainly would have been amended without the extra language, and there would not have been the argument that is now present before the Court.

I do... have a problem with my referring to this statute as grand larceny. However, I am aware that jurors do not necessarily understand the elements of the crime. And why I do agree it was error to do so, I do find that that is not reversible error. At best, it's harmless; particularly when the jury was instructed as to what elements was necessary to be proven under this particular statute. Whether or not we refer to it as motor vehicle theft or grand larceny, until the jury knows the elements in which the State is required to prove, that, in my opinion, is harmless. So therefore I do find that the Court did properly instruct the jury on the issue we had.

¶16. The "starting point" for consideration of whether the indictment is sufficient, according to *Harrison v. State*, 722 So.2d 681, 686 (Miss.1998), is Rule 7.06 of the Mississippi Uniform Circuit and County Court Rules, which provides that:

The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:

1. The name of the accused;

2. The date on which the indictment was filed in court;

3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

4. The county and judicial district in which the indictment is brought;

5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;

6. The signature of the foreman of the grand jury issuing it; and

7. The words "against the peace and dignity of the state."

¶17. Richmond argues that since the indictment contained the dollar value as required under Miss. Code Ann. § 97-17-41(a) for grand larceny, combined with all the necessary elements of Miss. Code Ann. § 97-17-42 for motor vehicle theft, he was denied notice under the Sixth and Fourteenth Amendments of the United States Constitution and Art. 3, Sections 14 and 26 of the Mississippi Constitution. Richmond also cites numerous cases where we have held that the accused is entitled to a plain statement of the charge against him. *See, e.g.*, *Hennington v. State*, 702 So.2d 403 (Miss.1997); *Peterson v. State*, 671 So.2d 647 (Miss.1996); *Love v. State*, 211 Miss. 606, 52 So.2d 470 (1951). He argues that the essential elements of the offense must be alleged with precision and certainty. *Love*, 211 Miss. at 611, 52 So.2d at 471 (citing 42 C.J.S. *Indictments and Information* § 130-137-138). *See also Stinson v. State*, 443 So.2d 869 (Miss.1983); *Watson v. State*, 291 So.2d 741 (Miss.1974); *Everett v. State*, 248 So.2d 439 (Miss.1971); *May v. State*, 209 Miss. 579, 584, 47 So.2d 887 (1950).

¶18. The grand jury indictment returned against Richmond contained all of the elements set forth in of the Mississippi Uniform Circuit and County Court Rule 7.06. At the top of the indictment, Richmond was specifically informed that he was charged with a violation of Miss. Code Ann. § 97-17-42, "mot. veh. theft." Richmond has not shown that the mistaken inclusion of the dollar amount of the vehicle, as required by Miss. Code Ann. § 97-17-41(a) for grand larceny, prejudiced him in any way or that he was unaware of what crime he was charged with committing or that he was unable to prepare an adequate defense because of the indictment.

¶19. So long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient. *Harrison v. State*, 722 So.2d 681, 687 (Miss.1998)(*citing Henderson v. State*, 445 So.2d 1364, 1368 (Miss.1984). Having specifically informed Richmond of the offense charged, as well as the detailed code section number, the State handicapped itself through this indictment by adding an unnecessary element of proof. Richmond's objection to the State's attempted deletion of this surplusage was sustained by the trial court. Judge Gibbs recognized that to allow an amendment such as striking the value of the car would be a substantive change in the indictment. He therefore correctly required the State to prove the element of value pursuant to Richmond's objection. Under these circumstances, Richmond can make no valid claim of prejudice by the indictment.

¶20. The trial court acknowledged that he made a mistake by referring to the prosecution charge as "grand larceny", but carefully reviewed this issue during the hearing on the motions for JNOV or new trial and found that the mistake was harmless error since it would have had no effect on the verdict. *Carter v. State*,

[722 So.2d 1258, 1262 (Miss.1998)](). *See also*, **Newsom v. State**, 629 So.2d 611, 614 (Miss.1993). This finding is presumed to be correct on appeal. *See, e.g.*, **Nicolaou v. State**, 612 So.2d 1080, 1084 (Miss.1992). Because of the overwhelming weight of the evidence in this case, the error is clearly harmless and renders Richmond's attempt to overcome the presumption inadequate. **Lentz v. State**, 604 So.2d 243, 249 (Miss.1992).

¶21. The offense tracking instruction, S-1, followed the language of the indictment, which in turn also tracked the language of motor vehicle theft under Miss. Code Ann. § 97-17-42. The instruction also included the components of "feloniously" and "said property having a total value exceeding $250." Use of the term "feloniously", the linguistic equivalent of "done with criminal intent", in the offense tracking instruction for a grand larceny case has been held to place upon the State its "full and proper burden" of proving the intent to deprive permanently. **Deal v. State**, 589 So.2d 1257, 1260 (Miss.1991). To the extent the term "feloniously" is not contained in Miss. Code Ann. § 97-17-42 for motor vehicle theft, the State once again permissibly saddled themselves with an additional burden of proof. At trial, the jury should be instructed in language that tracks the indictment; however, failure of the instruction to contain this language does not necessarily render it fatally defective. **Duplantis v. State**, 708 So.2d 1327, 1344 (Miss.1998)(*citing* **Doss v. State**, 709 So.2d 369 (Miss.1997)); **Berry v. State**, 575 So.2d 1, 13 (Miss.1990). For these reasons, Richmond's assignment of error regarding the offense tracking instruction is without merit.

¶22. Richmond further argues that he should have been given an instruction on the lesser-included offense of trespass. Because his counsel failed to make such a request at trial, the failure to do so serves as a bar to raising the point on appeal. **Carr v. State**, 655 So.2d 824, 837 (Miss.1995). A jury instruction on the lesser-included offense of trespass would have been improper even if Richmond's counsel had made a timely request.

¶23. Jury instructions should not be given unless there is evidence to support them, and the principle applies if the defendant seeks court authorization in charging the jury to find him guilty of a lesser-included offense. **Deal v. State**, 589 So.2d 1257, 1260 (Miss.1991). The defendant in **Deal** was prosecuted for grand larceny of an automobile, and we held that the trial court had properly refused a trespass instruction since the defendant had not claimed he was joyriding or that he intended to return the vehicle after a short period of use. In the case *sub judice*, strong evidence of motor vehicle theft was presented, and Richmond presented no evidence which would have led a reasonable juror to conclude that he was only guilty of trespass. To instruct the jury otherwise would have been "based purely on speculation or surmise." **Wilson v. State**, 639 So.2d 1326, 1328 (Miss.1994).

¶24. In light of the foregoing analysis, we can not say that the trial court erred in allowing the state to proceed on an improper indictment. The trial court properly instructed the jury on the elements of motor vehicle theft according to Miss. Code Ann. § 97-17-42. Likewise, the lesser-included offense of trespass was properly refused because it was not requested by Richmond, and Richmond failed in proving anything which would have led a reasonable juror to believe he was joyriding or borrowing the vehicle in question. Therefore, Richmond's first two issues raised on appeal are without merit.

### III. THE UNDERLYING STATUTE FOR THE CHARGE OF MOTOR VEHICLE THEFT IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AND A FAILURE TO CONTAIN A REQUISITE *MENS REA*.

¶25. Richmond did not challenge the constitutionality of motor vehicle theft as set forth in Miss. Code Ann. § 97-17-42 prior to or during trial. He did not include this ground in his written motions for JNOV or new trial. While this issue should be procedurally barred by Richmond's failure to object at trial, *see, e.g.*, *Jackson v. State*, 684 So.2d 1213, 1229 (Miss.1996), we address the issue since the motor vehicle theft statute is relatively new.

¶26. Statutes under constitutional attack have a presumption of validity attached to them, overcome only with a showing of unconstitutionality beyond a reasonable doubt. *Nicholson ex rel. Gollott v. State*, 672 So.2d 744, 750 (Miss.1996). We have held that the test concerning statutory construction is whether a person of reasonable intelligence would, by reading the statute, receive fair notice of that which is required or forbidden. *Reining v. State*, 606 So.2d 1098, 1103 (Miss.1992). Richmond argues for the first time on appeal that Miss. Code Ann. § 97-17-42 is constitutionally flawed because it proscribes conduct "without telling us what the *mens rea* is."

¶27. We have held that:

> Although it may be said that intent is a necessary element of all crimes, this does not necessarily connote conscious wrongdoing. There are statutory crimes in which the law categorically forbids certain acts without regard to the state of mind of the actor. In that instance ' * * * the intent to do that act is the only element necessary to complete the act.' 21 A.Jur.2d Criminal Law § 81 (1965). The Legislature may define a crime which depends on no mental element and consists only of forbidden acts or omissions. 14 Am.Jur. Criminal Law § 16 (1938). Where acts constituting such an offense have been defined by the Legislature, criminal intent need not be proven by the prosecution. Criminal intent not expressed in the statute is not always required where the offense is merely *malum prohibitum*. Statutes which do not require 'guilty knowledge' have been generally held to be constitutional, 21 Am.Jur.2d Criminal Law § 90 (1965), unless such laws invade some specific constitutional right.

*Wright v. State*, 236 So.2d 408, 413-14 (Miss.1970).

¶28. This authority leads us to conclude that Richmond's constitutional challenge of Miss. Code Ann. § 97-17-42 is without merit. Because the statute defines motor vehicle theft as being a forbidden act, or *malum prohibitum*, we can not say that the Legislature's failure to set out a *mens rea* renders it unconstitutional. Richmond's assignment of constitutional error is therefore without merit.

### IV. RICHMOND WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

¶29. At the hearing on the motion for a new trial, Richmond's appellate counsel argued that the trial counsel was ineffective in failing to investigate the case; in failing to request a lesser-included offense instruction; in failing to file a motion for discovery; in failing to object to leading questions; and in failing to file a motion for a new trial. The prosecutor made the following response:

> No attorney is held to doing a perfect job in court. No court has held that a criminal defendant is entitled to a perfect defense. Mr. Crites probably made some mistakes, as did I. But I do not believe the record reveals that his performance was so deficient at trial as to render the result achieved fundamentally unfair.

> If your Honor remembers the trial, the evidence of the defendant's guilt was overwhelming. The victim

said that her security light came on, she saw a person trying to break into her car, she kept on the phone with 911 giving them a blow by blow account of the thief's progress of trying to get into her car. She very refreshingly, quite candidly, said she could not identify the defendant. But when the police came on the scene, they saw this man exit the car after an asportation of the vehicle, defeating any possibility of trespass, and they maintained eye to eye contact as they ran him down through the brambles and the bushes and finally apprehended him. No reasonable jury could have come to any other conclusion but that the defendant was guilty as charged. There were no errors committed by the defense attorney that could possibly have changed the verdict of that jury which came in after seven minutes of deliberation.

The trial court agreed, finding as follows:

[t]here are some deficiencies. But the Court has to consider those deficiencies under the Strickland v. Washington test; and that is whether or not they amount to prejudice. Again, I had the benefit of sitting and listening to the evidence, and the evidence in this case was overwhelming. The jury did not take very long in its deliberations to find the defendant guilty. So while there were deficiencies in the performance of counsel, in my opinion, those deficiencies do not amount to the necessary requisites that the Strickland v. Washington case demand.

¶30. No error can be assigned to the trial court's findings. Richmond fails to establish ineffective assistance of counsel because he falls short of proving the prejudice prong of the test as set forth in ***Strickland v. Washington***, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We adopted the *Strickland* test in ***Rankin v. State***, 636 So.2d 652, 656 (Miss.1994), holding that:

The *Strickland* test requires a showing that counsel's performance was sufficiently deficient to constitute prejudice to the defense. The defendant has the burden of proof on both prongs. A strong but rebuttable presumption, that counsel's performance falls within the wide range of reasonable professional assistance, exists. The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court.

(citations omitted).

¶31. While the trial court implicitly found that Richmond's trial counsel was deficient, the ruling on ineffective assistance of counsel was based on the absence of prejudice. The overwhelming evidence of Richmond's guilt forestalls the possibility of finding that mistakes by his trial counsel would have affected the final outcome at trial. "[A] fundamental reason why no prejudice can be demonstrated in this case is that it is clear from the record" that Richmond is "hopelessly guilty. This overwhelming evidence of guilt makes the determination by the jury in this case thoroughly reliable." ***Ward v. State***, 461 So.2d 724, 727 (Miss.1984). Because Richmond's theory of error implicates only the first prong of the *Strickland* test, he fails to carry the remainder of the burden by proving prejudice at trial. Therefore, Richmond's claim of ineffective assistance of counsel is without merit.

### V. THE TRIAL COURT ERRED BY FAILING TO GRANT RICHMOND'S MOTION FOR DIRECTED VERDICT, JNOV AND/OR THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

¶32. Richmond argues that the verdict of the jury was contrary to the law and that fair minded jurors could

have only found him guilty of trespass. He contests the sufficiency and weight of the evidence supporting the guilty verdict. In deciding whether the evidence is legally sufficient to sustain the verdict, we "must consider the evidence in the light most favorable to the State", and accept as true "[a]ll evidence supporting or tending to support the verdict, as well as all reasonable inferences that may be drawn from the evidence..." *Harrell v. State*, 583 So.2d 963, 964 (Miss.1991). Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. *Fisher v. State*, 481 So.2d 203, 212 (Miss.1985).

¶33. The standard for reviewing a denial for a directed verdict and a peremptory instruction is the same as that for a denial of a judgment notwithstanding the verdict. *Alford v. State*, 656 So.2d 1186, 1189 (Miss.1995). In *Edwards v. State*, 469 So.2d 68, 70 (Miss.1985), we considered what guidance should be given to trial courts on a motion for a judgment notwithstanding the verdict, holding that:

> Where a defendant in a criminal prosecution has requested a peremptory instruction or moved for judgment notwithstanding the verdict, each element of the offense is tested for evidentiary sufficiency. In such a setting, the trial court must consider all of the evidence - not just the evidence which supports the State's case - in the light most favorable to the State. *May v. State*, 460 So.2d 778, 781 (Miss.1984). The State must be given the benefit of all favorable inferences that may reasonably be drawn from objective facts established by the evidence. *Glass v. State*, 278 So.2d 384, 386 (Miss.1973).

¶34. We will vacate a jury verdict only if the verdict is "so contrary to the overwhelming weight of the evidence that, to allow it to stand would be to sanction an unconscionable injustice." *Pearson v. State*, 428 So.2d 1361, 1364 (Miss.1983). In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. *Thornhill v. State*, 561 So.2d 1025, 1030 (Miss.1989).

¶35. The record reflects that the State carried its burden of proving each element of motor vehicle theft under Miss. Code Ann. § 97-17-42. Two police officers identified Richmond as the one who had intentionally, and without authority, taken possession of the 1987 Buick Regal which belonged to Barbara Biggs. Taking the evidence in the light most favorable to the State, it is hard to imagine how the facts could have been any more favor of the State than they actually were. Richmond was caught stealing the car "red-handed", and the police officer chased him from the scene, never lost sight of him, and finally apprehended Richmond when he could not cross a high fence. These facts speak volumes to the weight and sufficiency of the evidence, leaving us to conclude that these motions were properly denied by the trial court. Therefore, this final issue is without merit.

## CONCLUSION

¶36. Detailed analysis of the record reveals that while the indictment was not perfect, Richmond was given proper notice in the indictment of being charged with motor vehicle theft under Miss. Code Ann. § 97-17-42. And although some stray remarks were made by the trial judge and the prosecution regarding grand larceny, the jury was properly instructed on all the elements necessary for motor vehicle theft. Richmond has failed to overcome the strong presumption of validity of the motor vehicle theft statute, and why there may be no element of *mens rea* in the statute *per se*, it is certainly within the province of the Legislature to proscribe certain acts as *malum prohibitum*. Richmond additionally failed to carry the burden of proving that the mistakes of his trial counsel, if any, were sufficient to meet the prejudice prong of *Strickland*.

Richmond's attack on the sufficiency and weight of the evidence was in vane. He was literally caught with his hand in the so-called "cookie jar." For these reasons, the judgment of the Hinds County Circuit Court is affirmed.

¶37. **CONVICTION OF MOTOR VEHICLE THEFT AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER AS DEFINED BY SECTION 99-19-81, MISSISSIPPI CODE 1972, WITHOUT PAROLE, PROBATION, REDUCTION OR SUSPENSION OF SENTENCE, AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**