830 So.2d 681 (2002)
Arden HARRIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00845-COA.
Court of Appeals of Mississippi.
August 27, 2002.
Rehearing Denied November 12, 2002.
*682 Leslie D. Roussell, Laurel, attorney for appellant.
Office of the Attorney General by: Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., LEE, AND IRVING, JJ.
LEE, J., for the court.
¶ 1. Arden Harris was convicted of felony DUI and sentenced as an habitual offender by the Circuit Court of Wayne County. He appeals asserting four errors: 1) the evidence was insufficient to prove the charged offense; 2) the State failed to prove his blood alcohol content was greater than .10% as the traffic citation charged; 3) the jury instructions failed to *683 instruct the jury on the issue of whether he refused a chemical test as the indictment charged; and 4) cumulative error resulted in his not receiving a fair trial. Finding no error, we affirm.

FACTS
¶ 2. On November 25, 2000, at approximately 7:00 p.m., Holt Ross, a patrolman with the Mississippi State Highway Patrol, "clocked" Harris driving a Ford Mustang at eighty-four miles per hour. Ross stopped the vehicle and he smelled alcohol inside of it. Officer Ross asked Harris if he had been drinking, and Harris said he had drank "several beers" that day. Officer Ross then conducted a field sobriety test, including the use of a portable Breathalyzer, and based upon the results he arrested Harris. Officer Ross then transported Harris to the Wayne County Sheriff's Office, where he attempted to test Harris on an Intoxilyzer, but Harris could not, or did not, give a sufficient breath sample for the machine to analyze. Harris was then issued a traffic citation for DUI. At some later time during the January 2001 circuit court term, Harris was formally indicted for felony DUI and was subsequently convicted of the charge.

ANALYSIS
I. SUFFICIENCY OF THE EVIDENCE
¶ 3. Harris asserts that Ross's testimony was insufficient to prove that he was driving while under the influence of alcohol, and the circuit court erred in denying his motion for a directed verdict. Ross testified that he smelled alcohol in Harris's vehicle, on his breath and his clothes. He testified that Harris admitted he had consumed alcohol that day. He further testified that Harris could not pass the field sobriety test, that his gait was impaired, and that he swayed when standing still. When the trial court judges the legal sufficiency of the evidence presented, as opposed to the weight of the evidence on a motion for a directed verdict, the trial court is required to consider evidence introduced in the light most favorable to the State and accept as true all of the evidence introduced at trial by the State, including all reasonable inferences that may be drawn therefrom. Jones v. State, 783 So.2d 771(¶ 11) (Miss.Ct.App.2001). In this case, we find that Ross's testimony was sufficient to support the guilty verdict, and the motion for a directed verdict was properly denied. There is no merit to this assignment of error.
II. .10% BLOOD ALCOHOL CONTENT
¶ 4. Harris contends that because the traffic citation issued to him charged him with driving while having a blood alcohol content of .10% or greater, the State was required to prove this fact as an essential element of the offense. This argument fails to acknowledge that the indictment, not a traffic citation, is the charging instrument utilized in a criminal prosecution for a DUI offense. Williams v. State, 708 So.2d 1358(¶ 25) (Miss.1998). Thus, Harris's assignment of challenges actually goes to whether the indictment was sufficient. Article 3, section 27 of the Mississippi Constitution requires that an indictment enumerate all essential elements of the criminal offense. Burrell v. State, 727 So.2d 761(¶ 10) (Miss.Ct.App.1998). In this case, the indictment simply charged Harris with operating "a motor vehicle while under the influence of intoxicating liquor," which is the exact language of the offense codified at Mississippi Code Section 63-11-30(1)(a) (Supp.2001). This statement adequately informed Harris of the elements that the State was required to prove. There is no merit to this assignment of error.
*684 III. AMENDMENT OF THE INDICTMENT
¶ 5. The indictment included the statement that Harris "refused to submit to a chemical test of his breath." Because this language was included in the indictment, Harris contends that the State was required to prove that he had actually refused the test, even though the refusal was not an element of the offense codified at Mississippi Code Section 63-11-30(1)(a) (Supp.2001). Jury instruction S-1 originally included language requiring the jury to find that Harris did refuse the chemical test, but the circuit court deleted the language after finding that the refusal to submit to the chemical test was not an essential element. Harris asserts the circuit court erred in amending the jury instruction. Harris actually raises two issues in this assignment of error: whether the indictment itself was fatally flawed by including the allegation that he refused the chemical test, and whether the circuit court erred in deleting language from the jury instruction not essential to the crime charged. We find that neither issue has merit.
¶ 6. Even assuming that the inclusion of the surplus language in the indictment was improper, an indictment may be amended so long as the amendment does not alter the elements of the crime of which the indictment gives notice. Spann v. State, 771 So.2d 883(¶ 46) (Miss.2000). In this case, the indictment gave clear notice that the charge was operating "a motor vehicle while under the influence of intoxicating liquor." As such, the indictment was not fatally flawed by the inclusion of the surplus language.
¶ 7. Moreover, it is not error for jury instructions to reflect a constructive amendment to an indictment. Id. In this case, the deletion of language in the jury instruction simply removed language that was unnecessary to prove the offense charged in the indictment, and Harris makes no showing of any prejudice that could have occurred to his defense. Therefore, amending the jury instruction was not error. This assignment of error is without merit.
IV. CUMULATIVE ERROR
¶ 8. Harris asserts that even if no one error rose to reversible error, cumulative error requires a new trial. Having found that no error occurred, we find no merit to the issue of cumulative error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF THE CONVICTION OF FELONY DUI AS AN HABITUAL OFFENDER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY OTHER SENTENCE AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
KING, P.J., IRVING, MYERS AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., THOMAS AND CHANDLER, JJ. BRIDGES, J., NOT PARTICIPATING.
SOUTHWICK, P.J., Dissenting.
¶ 10. The majority states that "it is not error for jury instructions to reflect a constructive amendment to an indictment." I find that the authority relied upon actually supports the need to reverse this conviction. Since the trial court allowed the State to avoid proving all the elements charged in the indictment, I would reverse.
¶ 11. Harris was charged with two separate acts in the indictment. One was *685 driving under the influence. Miss.Code Ann. § 63-11-30(a) (Supp.2001). The other was refusing to submit to a breath test. Miss.Code Ann. § 63-11-21 (Rev.1996). The latter is not an indictable offense, as it is only a violation of the implied consent law and leads to suspension of the driver's license. Id. No effort to amend the indictment was made. Instead, the defense asked that the surplus language of the indictment be included in the instruction on the elements of the offense to be proven. The trial court refused and instead deleted the test-refusal language from the instruction.
¶ 12. Generically, this case involves the State's acquiring through the grand jury an indictment that charges more than is necessary to convict, not seeking an amendment, and being permitted to give the jury an instruction that allows conviction on less than what is charged in the indictment.
¶ 13. In the precedent relied upon by the majority, the defendant was charged with aggravated assault and capital murder. Spann v. State, 771 So.2d 883, 887 (Miss.2000). The original indictment stated that the underlying felony for the capital murder charge was robbery. The indictment was later amended over Spann's objection to designate the underlying felony as armed robbery. The Supreme Court found that since the underlying felony was robbery, making the State prove armed robbery instead required the State to prove an additional element of use of a weapon. This meant that the amendment did not prejudice the defendant. Spann, 771 So.2d at 899.
¶ 14. One paragraph of Spann specifically cited by the majority here referred to a precedent in which, without amending the indictment, the State was allowed through instructions to lessen its burden of proof. Spann, 771 So.2d at 899 (¶ 46), citing Quick v. State, 569 So.2d 1197, 1199 (Miss.1990). The change allowed a conviction based on reckless conduct, whereas the indictment had required an intentional act. The Quick court reversed. Id. This was "clearly distinguishable" from the facts of Spann, since in the latter case the State had imposed on itself through the instruction the extra obligation of showing the use of a deadly weapon, when the indictment only required proof of simple robbery. Spann, 771 So.2d at 899 (¶ 46).
¶ 15. In my respectful view, Spann simply is not a relevant precedent for the present case. In Spann, the State placed upon itself and was made to keep the burden of proving an additional element. Here, the State similarly increased its evidentiary burden but then was allowed to drop the excess. In fact, the Quick case that was distinguished in the Spann paragraph cited by the majority is closer to our situation, in that the State was allowed in Quick and here to lessen its burden from that which the indictment itself would have required. Quick is not controlling, though, since the issue here is an indictment that charged more than necessary. We have surplusage; Quick did not.
¶ 16. What is far closer to our facts is Richmond v. State, 751 So.2d 1038 (Miss. 1999). There the defendant was charged with motor vehicle theft. The State in the indictment charged a value for the vehicle, which was unnecessary under the statute on theft of a motor vehicle. The Supreme Court stated that the State's motion to delete this surplus element of value was properly denied because to do so would have made a substantive amendment to the indictment. Id. at 1046. The State had "handicapped itself through this indictment by adding an unnecessary element of proof." Id. The jury instruction included the unnecessary element. Id. I read Richmond to conclude that had the *686 trial judge granted the State's request, reversible error would have been committed.
¶ 17. Had the State been allowed to amend Harris's indictment to remove the element of a test refusal, then cases would have been relevant that address whether the amendment of an indictment was one of form or substance. That issue does not exist here. I find the majority's reference to a constructive amendment, meaning I suppose the deletion of the test refusal from the instruction, a novel and unrecognized concept. Perhaps the State could have amended the indictment. They did not seek to do so and are thus bound to prove what they said they would prove.
¶ 18. The evidence was undisputed that Harris refused the test. Deleting the element from the instruction did not prejudice Harris in a planned defense. This is simply a matter such as in Richmond, in which the State handicapped itself by including in the indictment elements that went beyond those necessary under the statute. The indictment is a formal charging document, not just a guess about what the State might try to prove. Since the indictment included extra elements, the State was required either to remove or prove them. The jury was not instructed on the point. We cannot as an appellate court direct a verdict on that element and say that refusal to take the test was proved. Only the jury can find guilt of any element. I would, reluctantly, reverse.
McMILLIN, C.J., THOMAS AND CHANDLER, JJ., JOIN THIS SEPARATE WRITTEN OPINION.