914 So.2d 332 (2005)
Zarius WARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00980-COA.
Court of Appeals of Mississippi.
November 8, 2005.
*333 Zarius Ward, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
*334 KING, C.J., for the Court.
¶ 1. Zarius Ward pled guilty to one count of rape and three counts of burglary. On August 26, 2002, he was sentenced on the rape charge by the Rankin County Circuit Court to a term of forty years with sixteen years suspended, with twenty-four years to serve in the custody of the Mississippi Department of Corrections. He also received three twenty-four year terms for the three counts of burglary, with all sentences to run concurrently. Ward filed a Petition for Post-Conviction Collateral Relief on June 15, 2004. On August 19, 2004, Ward filed a Motion for Records and Transcripts. The circuit court denied both motions on August 25, 2004. Aggrieved, Ward appeals his denial of post-conviction relief to this Court and states his issues as follows:
1. Whether the circuit court properly exercised jurisdiction.
2. Whether the trial court erred by failing to state on the record whether it considered alternative sentencing pursuant to the Youth Court Act before sentencing Petitioner.
3. Whether Petitioner's confession was illegally obtained
4. Whether Petitioner received an illegal sentence.
5. Whether Petitioner, on remand, would be subjected to double jeopardy.
6. Whether Petitioner was rendered ineffective assistance of counsel.
Finding no error, we affirm.

FACTS
¶ 2. Ward was sixteen years old when he committed the crime of rape on August 29, 2000. The crime remained unsolved for over a year. On November 15, 2001, the Pearl Police Department, which had Ward in custody for breaking and entering and attempted rape, contacted the Rankin County Sheriff's Office. A Rankin County investigator arrived to interview Ward, who confessed to committing the August 29, 2000 rape.
¶ 3. On January 18, 2002, Ward was indicted by a Rankin County grand jury for rape, in violation of Mississippi Code Annotated § 97-3-65(3)(a) (Rev.2000). On March 28, 2002, Ward was indicted on three counts of burglary, in violation of Mississippi Code Annotated § 97-17-23 (Rev.2000), that occurred on November 15 and 16 of 2001. Ward pled guilty to all counts.

STANDARD OF REVIEW
¶ 4. The standard this Court employs when reviewing a trial court's denial of post-conviction relief is the clearly erroneous standard. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, we review questions of law de novo. Id.

LAW AND ANALYSIS

1. Whether the circuit court properly exercised jurisdiction.
¶ 5. It is unclear from the record how or why the youth court was ever involved with the rape charge against Ward. While a Motion to Certify along with a summons appears in the record, Ward claims that there was never a hearing on the certification motion. Thus, Ward claims that he was improperly transferred to the circuit court which never had proper jurisdiction. We disagree. The circuit court has original jurisdiction over a juvenile who commits an act that, if committed by an adult, is punishable by a sentence of life imprisonment. Miss.Code Ann. § 43-21-151(1)(a) (2000). Rape carries a maximum sentence of life imprisonment. Miss.Code Ann. § 97-3-65(4)(a) (2000). The circuit court also has jurisdiction over juveniles who commit felonies on *335 or after their seventeenth birthday. Miss. Code Ann. § 43-21-151(2) (2000). Ward was charged with three counts of burglary, which is a felony. Ward was seventeen at the time of the burglaries. Therefore, the circuit court had proper jurisdiction to decide the rape and the burglary charges. This claim is without merit.

2. Whether the trial court erred by failing to state on the record whether it considered alternative sentencing pursuant to the Youth Court Act before sentencing Petitioner.
¶ 6. Ward relies on Gary v. State, 760 So.2d 743 (Miss.2000); Erwin v. State, 557 So.2d 799 (Miss.1990); and May v. State, 398 So.2d 1331 (Miss.1981) for the proposition that the circuit court must consider alternative sentencing pursuant to the Youth Court Act and state on the record the basis for implementing or not implementing alternative sentencing. However, Gary, Erwin, and May committed crimes as juveniles prior to the enactment of the 1994 amendment to Mississippi Code Annotated § 43-21-159. Prior to the amendment, § 43-21-159(3) provided in pertinent part;
[I]f any child shall be convicted by any circuit court, the trial judge may in his discretion, commit such child to the county jail for any term not in excess of one (1) year, or he may suspend sentence and release on probation, or commit such child to the custody of the Department of Corrections or impose a fine as though such child was an adult, under such terms and conditions as he may prescribe....
Miss.Code Ann. § 43-21-159(3) (Supp. 1993). However, the 2000 version of the statute reads, "If the case is not transferred to the youth court and the youth is convicted of a crime by any circuit court, the trial judge shall sentence the youth as though such youth was an adult." Miss. Code Ann. § 43-21-159(4) (2000) (emphasis added). The trial court was under no obligation to consider alternative sentencing. We find this issue is without merit.

3. Whether Petitioner's confession was illegally obtained.
¶ 7. Ward challenges the legality of his confession as it was obtained outside the presence of a parent or guardian. When one "stand[s] in open court and proclaim[s] his guilt," he waives the right to later assert his confession was involuntary. Garner v. State, 864 So.2d 1005, 1008 (¶ 14) (Miss.Ct.App.2004) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). In Tollett, the United States Supreme Court held:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett, 411 U.S. at 267, 93 S.Ct. 1602.
¶ 8. Ward also cites Mississippi Code Annotated § 43-21-303(3) (2000), which says that in regard to matters over which the youth court has original exclusive jurisdiction, a parent or guardian shall be invited to attend when a youth taken into custody is questioned. As discussed previously, the youth court did not have jurisdiction over any of the charges against Ward. "Where original jurisdiction lies with the circuit court, parental presence is not a pre-requisite to admissibility of a minor's confession." Brown v. State, 839 So.2d 597, 599 (¶ 6) (Miss.Ct.App.2003). Thus, we find this issue is without merit.

*336 4. Whether Petitioner received an illegal sentence.
¶ 9. Ward was sentenced on the rape charge to forty years with sixteen years suspended, with twenty-four years to serve. Ward's contention that he is serving an illegal sentence is based on the fact that the caption of the rape indictment reads, "Indictment for the offense of: RAPE § 97-3-65(2)" and lists § 97-3-65(3)(a) in the body of the indictment. Mississippi Code Annotated § 97-3-65(2) (Rev.2000) deals with statutory rape sentencing while subsection (3)(a) is the forcible rape statute. Ward argues that he should have been sentenced to a maximum of five years in accordance with subsection (2)(a), and anything more constitutes an illegal sentence.
¶ 10. Ward's claim fails for two reasons. First, the body of the indictment lists the correct charging statute and put Ward on notice that he was being charged with rape. "So long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient." Richmond v. State, 751 So.2d 1038, 1046 (¶ 19) (Miss.1999). Moreover, subsection (2), which pertains to underage victims, is wholly inapplicable as the rape victim was thirty-two years old. Second, all non-jurisdictional defects in an indictment are waived when the defendant enters a guilty plea. Brooks v. State, 573 So.2d 1350, 1353 (Miss.1990). Therefore, the trial court did not err in sentencing Ward to forty years for the rape charge under the authority of Mississippi Code Annotated § 97-3-65(3)(a).

5. Whether Petitioner, on remand, would be subjected to double jeopardy.
¶ 11. Ward optimistically argues that if this Court were to reverse the decision of the lower court, the principle of double jeopardy would prevent him from being retried for the same offenses. Although this issue is not ripe for review, we briefly explain why this contention must fail. When a criminal defendant successfully obtains a reversal and remand of the trial court's judgment, his opportunity to receive a new trial does not amount to double jeopardy. Hester v. State, 749 So.2d 1221, 1224 (¶ 14) (Miss.Ct.App.1999). We find this issue is without merit.

6. Whether Petitioner was rendered ineffective assistance of counsel.
¶ 12. This Court applies the familiar two-prong test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in reviewing claims of ineffective assistance of counsel. Ward must prove (1) that counsel's performance was deficient, and (2) but for the deficiencies, the trial court outcome would have been different. Gatewood v. State, 909 So.2d 754, 756 (¶ 5) (Miss.Ct.App. 2005).
¶ 13. Ward cites numerous examples in which he contends he received ineffective assistance of counsel. Several of Ward's ineffective assistance claims concern his attorney's failure to object to the circuit court's jurisdiction. As explained above, the circuit court had proper jurisdiction to hear each charge against Ward. Therefore, Ward's ineffective assistance of counsel claims concerning failure to object to circuit court jurisdiction fail.
¶ 14. All of Ward's remaining ineffective assistance claims are based on the preceding issues which we have found to be without merit, and as such we decline to address each alleged instance of ineffective assistance. We find that Ward failed to prove a single instance of counsel's deficient performance, much less any resulting *337 prejudice. Therefore, this error also lacks merit.
¶ 15. Our review of the scant record in this case demonstrates that the trial court's decision was not clearly erroneous. For the foregoing reasons, we affirm the denial of Ward's motion for post-conviction collateral relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.