GRIFFIS, J.,
for the Court.
¶ 1. Jessie James Davis appeals the denial of his motion for post-conviction collateral relief. Davis argues that the trial court imposed an illegal sentence and, therefore, erred when it summarily denied his claim without requiring the State to file an answer to his claim or conducting an evidentiary hearing. We find no error and affirm.
FACTS
¶ 2. Davis was indicted for kidnapping (count one), under Mississippi Code Annotated section 97-3-53 (Rev.2006), and attempted rape (count two), under Mississippi Code Annotated sections 97-1-7 (Rev. 2000) and 97-3-65(3)(a) (Rev.2000). On July 10, 2003, count one was dismissed as part of Davis’s plea agreement, and Davis pleaded guilty to count two — attempted rape — and was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections (“MDOC”)with nine years and two hundred and sixty five days suspended for a period of five years and one-hundred days to serve. He was also placed on five years of supervised probation and fined $1,000. On November 12, 2004, Davis’s probation was revoked, and he was sentenced to serve nine years and two hundred and sixty five days in the custody of the MDOC.
¶ 3. Davis then filed his motion for post-conviction collateral relief. The trial court summarily denied his motion, and Davis now appeals.
¶4. Before we address the merits of Davis’s claim, we address whether his claims are time-barred. Davis alleges that he was subject to an illegal sentence. “[Pjetitions alleging an illegal sentence are not subject to the time bar.” Jackson v. State, 965 So.2d 686, 690 (Miss.2007). The supreme court “has held that errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.” Kennedy v. State, 732 So.2d 184, 186(¶ 8) (Miss.1999) (citing Luckett v. State, 582 So.2d 428, 430 (Miss.1991)). “[T]he right to be free from an illegal sentence has been found to be fundamental.” Id. Accordingly, We address Davis’s claims on their merits.
STANDARD OF REVIEW
¶ 5. A circuit court’s denial of post-conviction collateral relief will not be reversed *790 absent a finding that the court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 13) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS

1. Did the trial court impose an illegal sentence on Davis?

¶ 6. Davis argues that his sentence was illegal because under section 97-3-65(3)(a) — the statute listed in Davis’s indictment — provides that the maximum term of imprisonment is five years. The State responds that this was merely a scrivener’s error due to the correction of a typographical error in section 97-3-65 that renumbered section 97-3-65(3)(a) to section 97-3-65(4) (a).
¶ 7. Davis was sentenced to ten years for attempted rape; however, his indictment and plea stated that he committed attempted rape under section 97-3-65(3)(a) — -a section that provides for a sentence of only five years. Mississippi Code Annotated section 97-3-65(3)(a) (Supp. 2008) currently reads:
Upon conviction for statutory rape, the defendant shall be sentenced as follows:
(a) If eighteen (18) years of age or older, but under twenty-one (21) years of age, and convicted under subsection (l)(a) of this section, to imprisonment for not more than five (5) years in the State Penitentiary or a fine of not more than Five Thousand Dollars ($5,000.00), or both.
Davis’s indictment referenced section 97-3-65(3)(a), but it was silent as to statutory rape and the age of Davis and victim. The indictment alleged that Davis:
did wilfully, unlawfully, feloniously, forcibly and against her will attempt to have sexual intercourse with [the victim], a female person, by forcibly removing her from her automobile, carrying her into his apartment, throwing her onto a couch, pulling her pants down and attempting to remove her underwear, pulling his own pants down, getting on top of her and telling her that he was “going to get his nuts”, the said [Davis] failed in his attempt to rape the [victim] because she fought, screamed and struggled against [Davis] and broke free from him and ran out of the apartment to her car and got away, in violation of Mississippi Code Annotated [section] 97-3-65(3)(a) and [section] 97-1-7, and against the peace and dignity of the State of Mississippi.
11 8. Davis was indicted on December 6, 2001, sentenced on July 10, 2003, and his probation was revoked on November 12, 2004. The notes to section 97-3-65 explain that on June 3, 2003, the Joint Legislative Committee corrected a typographical error in this section by changing section 97-3-65(l)(c) to section 97-3-65(2) and renumbering the remaining paragraphs accordingly. Rape, which was previously numbered section 97-3-65(3)(a), was moved to section 97-3-65(4)(a) after the correction. Thus, Davis was correctly indicted for rape in 2001 under section 97-3-65(3)(a), which is now located at Mississippi Code Annotated section 97-3-65(4)(a) (Supp.2008).
¶ 9. This Court addressed a similar claim of an illegal sentence in Ward v. State, 914 So.2d 332, 336 (¶¶ 9-10) (Miss.Ct.App.2005). Ward claimed that he was subject to an illegal sentence because his indictment was for the offense of rape under section 97-3-65(2) — statutory rape, but in the body of the indictment, it referenced section 97-3-65(3)(a) — forcible rape. Ward argued, like Davis, “that he should have been sentenced to a maximum of five *791 years in accordance with subsection (3)(a), and anything more constitutes an illegal sentence.”
¶ 10. This Court explained that “[s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.” Id. at (1110) (quoting Richmond v. State, 751 So.2d 1038, 1046 (¶ 19) (Miss. 1999)). As we have noted, at the time he was indicted, section 97-3-65(3)(a) was the code section for rape, not statutory rape which was 97-3-65(2)(a). It was not until he was sentenced that the section numbers changed. The indictment rras correct and made the nature and cause of the charges against him clear as required under Ward. Accordingly, we find that his argument lacks merit.

2. Did the trial court err ivhen it summarily denied Davis’s claim ivith-out requiring the State to file an answer to his claim or conducting an evidentiary hearing?

¶ 11. Davis argues that the trial court erred by not requiring the State to respond to his motion for post-conviction collateral relief. Under Mississippi Code Annotated section 99-39-11(2) (Rev.2007), “[i]f it plainly appears from the face of the motion ... that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” The trial court will only “order the [Sjtate to file an answer or other pleading” “if the motion is not dismissed under” section 99-39-11(2). Miss.Code Ann. § 99-39-11(3). Davis was not entitled to any relief, and the trial court did not eiT when it did not require the State to file an answer.
¶ 12. Next, Davis argues that the trial court should have granted an evidentiary hearing on his motion for post-conviction collateral relief. The supreme court has held, a post-conviction collateral relief motion which “meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief.” Marshall v. State, 680 So.2d 794, 794 (Miss.1996) (citing Alexander v. State, 605 So.2d 1170, 1173 (Miss.1992)). Here, Davis alleged no set of facts in his motion that would entitle him to relief. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.