291 So.2d 741 (1974)
Mose WATSON
v.
STATE of Mississippi.
No. 47751.
Supreme Court of Mississippi.
March 18, 1974.
*742 John C. Webb, Greenville, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
In the Circuit Court of Washington County, Mississippi, appellant, Watson, was tried and convicted of carrying a concealed weapon. His sentence was a four year term in the state penitentiary, of which three years were suspended. We reverse and remand.
By grand jury indictment it was alleged that the appellant on March 18, 1973 "unlawfully, wilfully and feloniously carried and concealed a 22 caliber automatic pistol in violation of Section 2079 of the Mississippi Code of 1942, ann. as amended, the said Mose Watson having been previously convicted of a felony." (Emphasis added.) Appellant defended on the ground that he was threatened by one Freeman on March 10, 1973 just outside the Red Carpet Lounge. Because Freeman threatened to "bust my head in," appellant says he was legally entitled to be armed with a concealed weapon under the provisions of Mississippi Code 1942 Annotated section 2081(a) (Supp. 1972) [now Mississippi Code Annotated section 97-37-9(a) (1972)].

I.
Appellant first urges that he was entitled to a directed verdict and a peremptory instruction for the reason that the state failed to negate his proof that he was threatened some eight days before his arrest. The statute under which appellant was indicted exempts from its penalties one who "was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend... ." That Freeman did threaten appellant is undisputed. However, as testified to by appellant, the threat made by Freeman, as understood by appellant, was conditioned upon the future contingency "if I go in and I  ." Testimony of the three other witnesses who heard the threat varied as to the existence of a conditional aspect of the threat. One of the witnesses understood it to be a conditional threat, not to be executed until such time as appellant might "start anything." The other two witnesses heard no conditional aspect of the threat.
Upon the particular circumstances revealed by the testimony in this case, the jury was properly admitted to determine whether or not appellant's decision to carry the concealed weapon was founded upon good and sufficient reason (justification by conditional threat), or whether it was simply a pretext upon which he violated the law. Obviously the jury rejected appellant's version and we cannot say that the jury's verdict was not adequately supported by competent evidence. Tipler v. State, 57 Miss. 685 (1880); Hurst v. State, 101 Miss. 402, 58 So. 206 (1912). This is *743 not contrary to Sullivan v. State, 156 Miss. 718, 126 So. 646 (1930). Sullivan said that an accused was entitled to a directed verdict if the defense of threat is established by "uncontradicted, uncontroverted evidence that the threat has actually been made, and that the accused could have no reason to believe other than that he was in danger of a serious attack from an enemy." (Emphasis added.)

II.
Next, appellant argues that the indictment was fatally defective because it did not contain adequate specificity relating to the felony offense for which appellant allegedly had been previously convicted. The indictment was obviously based upon Mississippi Code 1942 Annotated section 2079 (Supp. 1972) [now Mississippi Code Annotated section 97-37-1 to 97-37-7 (1972)]. Subsection (a) of the statute makes a first offense charge of carrying a concealed weapon a misdemeanor; subsection (b) makes the offense a misdemeanor with an enhanced penalty for a second conviction; subsection (c) further enhances the penalty to the extent of a one to five year penitentiary sentence for the third or more convictions under the section; and subsection (d) provides an enhanced penalty up to five years in the penitentiary for one convicted of carrying a concealed weapon if such person has been previously convicted of any felony. The second paragraph following subsection (d) reads:
The possession of any deadly weapon as hereinabove described by any person who has been convicted of a felony under the laws of this state, any other state, or of the United States, shall be prima facie evidence of a violation of this section. (Emphasis added.) [Miss. Code Ann. § 2079 (Supp. 1972)].
When the state rested its case, the defense moved for a directed verdict and later requested a peremptory instruction. The underlined portion of the statute set out above requires that the indictment allege with particularity and specificity the state or federal jurisdiction of the prior felony conviction. Additionally, such an indictment must also substantially set forth the date of the judgment of the prior conviction, and the nature or description of the offense constituting the previous felony conviction. 39 Am.Jur.2d Habitual Criminals And Subsequent Offenders section 21 at 325 (1968). This rule is applicable here because the prior conviction of a felony under the statute invoked by the grand jury was used to enhance the punishment for the offense of carrying a concealed weapon. People v. Ashcraft, 138 Cal. App.2d 820, 292 P.2d 676 (Dist.Ct.App. 1956). See also 41 Am.Jur.2d Indictments and Information sections 151-52 at 975 (1968). Required specificity concerning the previous felony conviction was not supplied in the indictment before us. Such specificity is substantive in nature and is an essential ingredient which must be set forth in the indictment.
Lack of specificity in the indictment as to appellant having "been previously convicted of a felony" was not a formal defect correctable by amendment under Mississippi Code 1942 Annotated section 2449 (1956) [now Mississippi Code Annotated section 99-7-21 (1972)]. By failing to demur, appellant did not waive the defect. Under the rationale of Meyer(s) v. State, 193 So.2d 728 (Miss. 1967), we must reverse. See also, Sisk v. State, 260 So.2d 485 (Miss. 1972).

III.
Another proposition before us is the contention that there was a material variance in the state's proof as to the caliber of the pistol taken from appellant and the caliber charged in the indictment. The indictment alleges that he concealed a 22 caliber pistol, but the proof shows that it was in fact a 25 caliber pistol. Since appellant in his testimony admits that the pistol taken from him by Officer Anderson *744 when arrested was the same one he brought at the Starlight Lounge, his contention related to possible double jeopardy in the future is unavailing. A 25 caliber and a 22 caliber pistol differ so slightly as to size, and other attributes, that the variance here is not fatal when considered together with the facts of this case. Bowers v. State, 145 Miss. 832, 111 So. 301 (1927).
Because of the fatal defect in the indictment (lack of specificity as to the alleged prior conviction of a felony), the case is reversed and remanded. The appellant will be held under the same bond to await further action of the grand jury.
Reversed and remanded.
GILLESPIE, C.J., and ROBERTSON, SUGG and WALKER, JJ., concur.