772 So.2d 406 (2000)
Antonio C. WILLIAMS a/k/a Antonio Casino Williams, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01083-COA.
Court of Appeals of Mississippi.
August 15, 2000.
Rehearing Denied November 28, 2000.
Martin M. Oden, Attorney for Appellant.
*407 Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, and THOMAS, JJ.
LEE, J., for the Court:
¶ 1. Pursuant to Miss.Code Ann. § 97-3-117 (Rev.1994), Antonio C. Williams a/k/a Antonio Casino Williams was convicted for the crime of armed carjacking and under the enhanced sentencing guidelines of Miss.Code Ann. § 99-19-81 (Rev.1994), he was sentenced to serve thirty years in the Mississippi Department of Corrections as an habitual offender. Williams now requests this Court to reverse and render his conviction, or in the alternative, have the case resubmitted to the grand jury for re-indictment. Williams contends that his conviction should be reversed due to the following errors committed by the trial court (1) the trial court erred in not sustaining his motion to dismiss the indictment because the indictment failed to allege essential elements to charge him with the crime of armed carjacking, (2) the trial court erred in failing to grant his motion for a directed verdict, and (3) the trial court erred when it granted jury instruction C-8. Although Williams has presented three issues for our review, we find that only issues one and three are worthy of discussion. Since this Court determines that a portion of Williams's argument has merit, accordingly, we reverse and remand this case for re-sentencing.

FACTS
¶ 2. On the night of November 9, 1997, William Kimbrell, owner of a 1996 Honda Accord, had given his daughter, Allison Eubanks Dubose, permission to use his automobile. Along with Dubose, Dubose's friend, Farrah Goodman, was traveling as a passenger in the automobile. While Dubose had use of the automobile, Dubose and Goodman drove to a convenience store named El Cheapo's. Once at El Cheapo's, Dubose exited the automobile and entered the store while Goodman remained seated in the front seat of the passenger side of the automobile.
¶ 3. Goodman testified that after Dubose left the automobile the passenger's side door opened and a man was standing at the door. Thereafter, the man placed a knife near her throat and told her to get out of the car. While Goodman was leaving the automobile, her assailant, whom Goodman later identified as Williams, entered the driver's seat. Goodman stated that a second male also entered the automobile with Williams. Goodman immediately entered El Cheapo's and informed Dubose of the events that had just taken place. Thereafter, the Meridian Police Department was called.
¶ 4. The police arrived at El Cheapo's and received the details of the aforementioned events and put out what the police commonly refer to as a BOLO (be on the lookout) with a description of the automobile. Eventually, the automobile was located by officers on patrol, and a ten to fifteen minute pursuit occurred until the automobile was vacated by the driver at the Frank Berry Apartment complex located in Meridian. Numerous officers testified that, although they did not actually witness Williams driving the car, he was seen fleeing from the scene of Dubose's abandoned automobile. Additionally, the officers revealed that they pursued Williams on foot and eventually captured him in nearby woods, thereafter arresting him. After Williams was arrested, he was taken to the police station. Goodman was also present at the police station.
¶ 5. The officers obtained a photograph of Williams and utilized it with photographs of other individuals to see if they could obtain a positive identification from Goodman. After reviewing the photographs, Goodman positively identified Williams as the perpetrator. Williams proceeded to trial.
¶ 6. Williams presented his case-in-chief and provided an alibi defense. At the *408 conclusion of the trial, the jury found Williams guilty of armed carjacking.
DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN NOT SUSTAINING HIS MOTION TO DISMISS THE INDICTMENT BECAUSE THE INDICTMENT FAILED TO ALLEGE ESSENTIAL ELEMENTS TO CHARGE HIM WITH THE CRIME OF ARMED CARJACKING.
III. WHETHER THE TRIAL COURT ERRED IN GRANTING JURY INSTRUCTION C-8.
¶ 7. Williams asserts that the trial court erred in denying his motion to dismiss the indictment. Williams contends that the indictment was defective because it did not follow the language used to define the elements of armed carjacking under Miss. Code Ann. §§ 97-3-115 and 97-3-117 (Rev.1994). In particular, he stated that it did not contain the language "or by any other means shall take a motor vehicle from another person's immediate actual possession." Williams not only argues that this technical language was lacking but he also claims that it is defective because the words a "dangerous and deadly weapon" "capable of inflicting serious bodily harm" were not used. Furthermore, Williams contends that although the indictment refers to the use of a knife it does not identify it as one described under Miss.Code Ann. § 97-3-117(2) (Rev.1994).
¶ 8. When this Court reviews whether an indictment is fatally defective we are asked to resolve an issue of law; therefore, we conduct a de novo review. Peterson v. State, 671 So.2d 647, 652 (Miss. 1996).
¶ 9. The pertinent section for the purpose of the resolution of this issue is Miss. Code Ann. § 97-3-117(1) and (2) (Rev. 1994), and they read as follows:
(1) Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking....
(2) Whoever commits the offense of carjacking while armed with or having readily available any ... dangerous or deadly weapon, including a sawed-off shotgun, shotgun, machine gun, rifle, dirk, bowie knife, butcher knife, switchblade, razor ... or any object capable of inflicting death or serious bodily harm, shall be guilty of armed carjacking....
¶ 10. The relevant portion of the indictment which charged Williams read in part "did recklessly and knowingly by force or violence, by the exhibition of a knife, take a motor vehicle from Farrah Goodman." This Court acknowledges that Williams is correct in his assertion that the indictment did not charge him with armed carjacking since it failed to allege the essential elements relative to the alleged use of the knife. See Morgan v. State, 741 So.2d 246 (¶ 11) (Miss.1999)(Stating that the indictment must allege every essential element of the offense charged). Those elements being that the knife was either one which was specifically enumerated as a dangerous and deadly weapon under Miss. Code Ann. § 97-3-117(2) (Rev.1994), or the indictment needed to state that the knife was capable of inflicting death or serious bodily harm in order for Williams to have been indicted for armed carjacking. Indeed, a review of the indictment reveals that the heading of the indictment simply uses the term "carjacking" and refers to Miss.Code Ann. § 97-3-117. Therefore, Williams was charged and being tried for the crime of carjacking. Since this is the case, we review the indictment not to see if it alleged the essential elements of armed carjacking, but whether it sufficiently alleged the essential elements of carjacking. When we review the language in the indictment and statute we determine that it comports with the requirements *409 of Uniform Circuit and County Court Rules Rule 7.06 which states:
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them. An indictment shall also include the following:
1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
¶ 11. In support of his argument, Williams relies primarily on the holding of the Mississippi Supreme Court in Peterson v. State, 671 So.2d 647, 652 (Miss.1996). In that case, Peterson had been convicted of rape and sexual battery; however, he had made a motion for the charge of sexual battery to be dismissed claiming that the indictment was insufficient. Id. Peterson asserted that the indictment was insufficient because it failed to state "without her consent" which is an essential element of the crime of sexual battery. Id. The supreme court determined that the indictment did fail to state an essential element of the crime since it failed to charge Peterson with sexually penetrating the victim without her consent and dismissed that charge. Id. Nevertheless, the court's extensive discussion on what constitutes a sufficient indictment leads this Court to conclude that our case is distinguishable, and pursuant to the Uniform Circuit and County Court Rules Rule 7.06 the indictment is proper.
¶ 12. During the supreme court's discussion of what is necessary to establish a sufficient indictment, the court focused on the term "essential facts." Peterson, 671 So.2d at 655. The indictment needs to provide "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall notify the defendant of the nature and cause of the accusation against him." Id. (citing Holloman v. State, 656 So.2d 1134, 1139 (Miss.1995)) (quoting UCRCCP 2.05; currently URCCC 7.06).
¶ 13. In the case sub judice, although the technical language of the statute for the crime of carjacking may not have been recited in the indictment, the statute was enumerated, and the facts that were stated were sufficient to notify Williams of the crime he was being charged with, therefore, allowing him the opportunity to prepare a defense. See U.S. v. Asibor, 109 F.3d 1023, 1037 (5th Cir.1997). As aforementioned, the indictment stated that he was being charged with the crime of carjacking because he "did recklessly and knowingly by force or violence, by the exhibition of a knife, take a motor vehicle from Farrah Goodman." "[T]ake a motor vehicle from Farrah Goodman" is equivalent to the words "from a person's immediate actual possession." Even the supreme court acknowledged that it has not held that an indictment must use the precise words of the statute to be held sufficient. Peterson, 671 So.2d at 655. In determining that the indictment correctly charged Williams with carjacking, we now review whether jury instruction C-8 was sufficient to properly charge the jury with the essential elements of armed carjacking which must have been found present in Williams's case before the *410 jury returned a guilty verdict for said crime.
¶ 14. In issue three Williams asserted that jury instruction C-8 was granted in error since it failed to instruct the jury of an essential element of the crime of armed carjacking. Williams concedes that the instruction alleges that a knife was used; nevertheless, he argues that the instruction fails to classify the knife as one of the types specifically recognized by the statute as a deadly weapon in Miss.Code Ann. § 97-3-117(2) (Rev.1994). Therefore, he contends that the jury instruction should have followed the language of the statute and required the jury to find that a crime, if any, was committed with a dangerous and deadly weapon capable of inflicting death or serious bodily harm.
¶ 15. The pertinent portion of Miss.Code Ann. § 97-3-117 regarding this issue are subsections (1) and (2) which state:
(1) Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking.
(2) Whoever commits the offense of carjacking while armed with or having readily available any ... dangerous or deadly weapon, including a sawed-off shotgun, shotgun, machine gun, rifle, dirk, bowie knife, butcher knife, switchblade, razor ... or any object capable of inflicting death or serious bodily harm, shall be guilty of armed carjacking....
¶ 16. With the language of the aforementioned subsections in mind, we now review jury instruction C-8 which reads as follows:
The Court instructs the Jury that should you find from the evidence in this case, beyond a reasonable doubt, that:
1. On or about November 9, 1997 in Lauderdale County, Mississippi
2. The Defendant, Antonio Williams, acting alone or with another, did knowingly or recklessly by force or violence, by the exhibition of a knife,
3. Take a motor vehicle from another person's immediate actual possession, namely Farrah Goodman
then it is your sworn duty to find the Defendant, Antonio Williams, guilty of armed carjacking.
Should the State fail to prove any one (1) or more of these essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
Indeed, the aforementioned jury instruction did not inform the jury that in order to find Williams guilty of armed carjacking that they must not only conclude that a knife was used by Williams, but also determine that the knife was a deadly weapon capable of inflicting death or serious bodily injury. It is only rational that the State must prove each element of the charged crime beyond a reasonable doubt and also insure that it properly instructs the jury relative to each element of the offense. Blue v. State, 716 So.2d 567 (¶ 21) (Miss. 1998). The failure to properly instruct the jury on every essential element of the crime denies Williams of due process. Shaffer v. State, 740 So.2d 273 (¶ 31) (Miss. 1998).
¶ 17. This Court recognizes that every instruction does not have to include every point of importance if the point is adequately stated elsewhere; however, if the trial judge fails to present the jury with every essential element of the crime, a fundamental error has occurred. Duplantis v. State, 708 So.2d 1327 (¶ 53) (Miss.1998). This Court has reviewed the jury instructions contained within the record in their entirety, and this review did not disclose a separate instruction which informed the jury of the aforementioned essential elements for the crime of armed carjacking. Nonetheless, the jury instructions were sufficient to inform the jury of the essential elements of the lesser-included-offense of carjacking pursuant to Miss. *411 Code Ann. § 97-3-117(1) (Rev.1994). The word "armed" in the jury instruction and verdict while error is mere surplusage and does not merit reversal.
¶ 18. While this Court determines that both the indictment and jury instruction were proper to charge Williams with the crime of carjacking, we nonetheless, find that error was committed regarding sentencing. This error occurred when the State tried to punish Williams for the greater crime for which he did not stand charged, and thereafter, the trial judge erred and sentenced him for the crime of armed carjacking of which Williams does not stand convicted. Therefore, we find that Williams was properly indicted and found guilty of the lesser-included-offense of carjacking; however, due to the error in sentencing we reverse and remand the case for re-sentencing under the sentencing guidelines of Miss.Code Ann. § 97-3-117(1)(a) for the crime of carjacking and Miss.Code Ann. § 99-19-81 (Rev.1994).
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS REVERSED AS TO ARMED CARJACKING AND REMANDED FOR RE-SENTENCING AS TO CARJACKING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, MOORE AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., IRVING AND PAYNE, JJ., CONCUR IN RESULT ONLY. MYERS, J., NOT PARTICIPATING.