815 So.2d 439 (2002)
Billy Joe WILSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01922-COA.
Court of Appeals of Mississippi.
April 16, 2002.
*440 Thomas H. Pearson, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney For Appellee.
EN BANC.
LEE, J., for the court.
¶ 1. In August 2000 in the Coahoma County Circuit Court, a jury convicted Billy Joe Wilson of arson in the third degree. He was sentenced to serve three years in prison, with one year suspended and two years to serve.
¶ 2. The incident leading to the arrest and conviction occurred in July 1999 when Wilson went to the home of Kesha Brown, his girlfriend. Upon arrival, Wilson found Eddie Henderson at the house. Wilson accused Kesha of having an affair with Henderson, then Kesha told Wilson to leave and she called the police. Later, Wilson found a rag and saturated it in gasoline and then stuck it into a bottle. He then went back to Kesha's house and lit the rag on fire and threw it under Henderson's vehicle, which set the vehicle on fire. Kesha called the police and fire departments and the fire was extinguished.

*441 DISCUSSION OF THE ISSUES

I. DID THE TRIAL JUDGE COMMIT ERROR IN FAILING TO REQUIRE THAT THE PROSECUTION PROVE ALL ESSENTIAL ELEMENTS OF THE CRIME OF ARSON?
¶ 3. Wilson argues that all the elements of the offense of arson in the third degree were not proven to the jury. The definition of arson in the third degree states:
Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property of whatsoever class or character; (such property being of the value of twenty-five dollars and the property of another person), shall be guilty of arson in the third degree and upon conviction thereof, be sentenced to the penitentiary for not less that one or more than three years.
Miss.Code Ann. § 97-17-7 (Rev.2000). Specifically, Wilson argues that the prosecution failed to put on any evidence with regard to the value of the property that was burned.
¶ 4. "Our standard for review is de novo in passing on questions of law." Snapp v. Harrison, 699 So.2d 567(¶ 7) (Miss.1997). As described in the statute, the elements necessary to prove arson in the third degree include a wilful and malicious act of setting fire to or aiding another in such act to property whose value exceeds twenty-five dollars. Here, evidence was presented to show that the rag was indeed ignited and tossed under the vehicle, which caused the gas tank on the vehicle to ignite, but no evidence was presented to show that the value of the burned property exceeded twenty-five dollars. Although we do agree that no such evidence was produced, we find it clear that the burned property was a 1991 Ford Explorer whose value obviously exceeded the statutory minimum, reasoning that any reasonable hypothetical juror could deduce that an operating eight-year old vehicle (as it was at the time of the burning) would be worth more than twenty-five dollars. As described herein, we find no merit to this argument.
¶ 5. We do find the need to address the supreme court case of Peterson v. State, 671 So.2d 647 (Miss.1996), upon which Wilson relies. In Peterson, the defendant was charged with sexual battery, but the indictment failed to explain that such crime must have taken place without the victim's consent. Peterson, 671 So.2d at 651. Peterson argued that this omission rendered his indictment faulty under Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice,[1] since an indictment must contain the essential elements of the crime charged. Id. at 652-53. In Peterson's 5-4 decision, Justice Banks, writing for the court, recognized that an indictment need not use the precise words of the statute, but the right of the accused to be informed of the nature and cause of the accusation against him is essential to the preparation of his defense. Id. at 655. The majority then concluded that the failure in the indictment to specifically include language concerning the victim's lack of consent was fatal to Peterson's indictment. Id. Justice Pittman wrote a dissent noting that the majority relied on cases prior to 1979, the year in which the Uniform Criminal Rules of Circuit Court Practice were enacted. Justice Pittman pointed out that cases subsequent to enactment of these rules declared that actual notice of the crime and enumeration of the requirements in Rule *442 2.06 (now UCCCR 7.06) are all that is required in an indictment.[2]Id. at 661-62. See Hines v. State, 472 So.2d 386 (Miss. 1985); Harden v. State, 465 So.2d 321 (Miss.1985); Henderson v. State, 445 So.2d 1364 (Miss.1984).
¶ 6. Wilson's case is distinguishable from Peterson. In Peterson, the charge was sexual battery, and at that time the statute concerning sexual battery listed three different subsections which could be the basis of proof: (1)(a) without consent, (1)(b) with a mentally or physically handicapped person, or (1)(c) with a child under age fourteen. See Miss.Code Ann. § 97-3-95 (Rev.2000).[3] Since Peterson's indictment failed to include language that he was being charged under (1)(a) "without consent," he could not have been informed and could not have prepared a defense. In the present case, though, the section under which Wilson was charged did not contain subsections, as occurred in Peterson. Hence, there was no question but that Wilson was given clear indication concerning the law he had violated. Also, we note that the indictment contains each of the seven requirements listed in Rule 7.06, acting to adequately inform him.[4]
¶ 7. We look to this Court's previous examination of Peterson in Williams v. State, 772 So.2d 406 (Miss.Ct.App.2000), in further reconciling Peterson to the case sub judice. In Williams, the defendant was charged with carjacking; citing to Peterson, he argued that his motion to dismiss his indictment should have been granted since the indictment failed to contain essential statutory language. Williams, 772 So.2d at (¶ 13).
[A]lthough the technical language of the statute for the crime of carjacking may not have been recited in the indictment, the statute was enumerated, and the facts that were stated were sufficient to notify Williams of the crime he was being charged with, therefore, allowing him the opportunity to prepare a defense. As aforementioned, the indictment stated that he was being charged with the crime of carjacking because he "did recklessly and knowingly by force or violence, by the exhibition of a knife, take a motor vehicle from Farrah Goodman." "[T]ake a motor vehicle from Farrah Goodman" is equivalent to the words "from a person's immediate actual possession."
Id. at (¶ 13) (citations omitted). In comparing the Williams findings to the facts of the present case, we find that the words in Wilson's indictment, "set fire to and/or burn a 1991 Ford Explorer," have a sufficient relation to the language in the statute *443 requiring "such property being of the value of twentyfive dollars and the property of another person," to apprize Wilson of the exact crime with which he was charged, allowing him to prepare a defense. Both the defendant and any reasonable juror could gather that the value of this property, a 1991 Ford Explorer, exceeded the statutory amount of twenty-five dollars. Thus, we find no error with Wilson's indictment.
¶ 8. We finally look to Wilson's argument that the jury was not properly instructed as to the elements of the crime, specifically the value of the property. The instruction to which he objects reads in part:
If you find from the evidence in this case beyond a reasonable doubt that on or about July 17, 1999, Billy Joe Wilson, wilfully and maliciously set fire to and/or burned a 1991 Ford Explorer, being the property of Eddie Henderson, then you shall find the defendant guilty of arson in the third degree.
¶ 9. Wilson argues that this instruction did not accurately reflect the elements of the crime, since it did not include the statutory minimum value of twenty-five dollars. Wilson did not object to any failure of the State to produce specific evidence concerning the value of the vehicle, including Wilson's failure to object to the giving of this instruction; therefore, he is procedurally barred from now objecting on appeal. Berry v. State, 703 So.2d 269(¶ 13) (Miss.1997).

II. WAS THE INDICTMENT FATALLY DEFECTIVE?
¶ 10. Wilson finally argues that the indictment was defective because it failed to set forth the specific elements of the offense. Again, he refers to the value of the property as having been omitted from the indictment.
Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them ... Certainly, the indictment need not (though it may) charge in the exact language of the statute said to have been offended. If from a reading of the indictment as a whole the accused is in fact given fair notice of that with which he has been charged, the indictment is legally sufficient.
Harbin v. State, 478 So.2d 796, 799 (Miss. 1985). "Whether an indictment is fatally defective is `an issue of law and deserves a relatively broad standard of review by this Court.'" Porter v. State, 749 So.2d 250 (¶ 34) (Miss.Ct.App.1999). Here, the indictment included the date of the incident, the location and nature of the crime, a description of the subject property and the name of the owner of the property, and a description of the crime with which he was charged. We find that Wilson was certainly given fair notice of the crime with which he was charged, and the wording meets the prerequisites of Rule 7.06 of the Uniform Circuit and County Court Rules, which explains what information must be included in an indictment. The fact that the indictment did not explain that the burned vehicle was valued at more than twenty-five dollars is not a fatal defect.
¶ 11. "This Court has made it `clear that the ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense.'" Gray v. State, 728 So.2d 36 (¶ 171) (Miss.1998). Wilson has not demonstrated how he was prejudiced in the preparation of his defense, and we find no merit to this argument.
¶ 12. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF ARSON IN THE THIRD DEGREE AND SENTENCE TO *444 SERVE THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH ONE YEAR SUSPENDED IS AFFIRMED. SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO COAHOMA COUNTY.
BRIDGES, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., KING, P.J., THOMAS AND IRVING, JJ.
SOUTHWICK, P.J., DISSENTING:
¶ 13. The majority concludes that the indictment is not fatally defective. I find otherwise and would reverse. Therefore, I respectfully dissent.
¶ 14. One element of third degree arson is that the value of the property burned must be at least twenty-five dollars. Miss. Code Ann. § 97-17-7 (Rev.2000). The indictment charging Wilson stated only that the property burned was a 1991 Ford Explorer without making a specific allegation as to value. At trial Wilson did not seek to quash the indictment. If the indictment contains a formal defect that is curable by amendment, the absence of a proper complaint in the trial court waives the issue. Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995). However, the failure to object at trial to an indictment's omitting an essential element does not waive the issue for appeal. Durr v. State, 446 So.2d 1016, 1017 (Miss.1984). The issue is present for our review.
¶ 15. A trial court procedural rule requires that the indictment be "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06. This indictment had no written statement that the property was worth at least twenty-five dollars. The indictment's statement was that the property burned was a certain vehicle. When the indictment's statement ended, an implication certainly began that the property was worth more than this amount. Even so, merely identifying the property as a specific make and model of vehicle did not explicitly assign a value to that property. Additional facts must be known to determine a value.
¶ 16. The Supreme Court has stated that "in order for an indictment to be sufficient, it must contain the essential elements of the crime charged." Peterson v. State, 671 So.2d 647, 652-53 (Miss.1996).[5] Greater clarity to the point was brought by quoting a precedent:
Every material fact and essential ingredient of the offenseevery essential element of the offensemust be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment.
Peterson, 671 So.2d at 653, quoting Love v. State, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951). The Court noted that despite the adoption of what is now Rule 7.06, "the appropriate inquiry has not changed." Id. at 654. Furthermore, the Court stated that Rule 7.06 "cannot be considered apart from the fundamental principle preceding it, that the essential elements of the offense *445 must be alleged in order for an indictment to be sufficient." Id. at 655.
¶ 17. In Peterson, the Supreme Court stated that an indictment must contain "every fact which is an element in a prima facie case of guilt." Id. at 653. Even if we can reasonably conclude that Wilson received fair actual notice of the charge, such notice is insufficient. The Peterson Court held that every essential element of the offense "must be alleged with precision and certainty." An indictment must provide full notice and contain the elements of the offense. Id. at 654. Usually, achieving one will accomplish the other as well. But neither is sufficient by itself.
¶ 18. It could be argued that Peterson should be limited to its specific pleading facts. Peterson was charged with sexual battery. Peterson, 671 So.2d at 650. The indictment did not specify which alternative under the statute had occurred: the victim failed to consent, was mentally incapable of consent, or was physically helpless. Miss.Code Ann. § 97-3-95(a) (Rev. 2000). The Court found that the defendant "did not have actual notice" sufficient to prepare a focused defense. Peterson, 671 So.2d at 655.
¶ 19. In our case, the arson statute was cited in the indictment. The element not stated, value, applies to all violations of that statute and is not just one option. Nonetheless, I do not find that Peterson left open the possibility that an indictment that failed to charge an essential element of a crime could be corrected by citation to a statute that always requires that element. This conclusion arises from Peterson's discussion of precedents that had used language seemingly permitting citation of a statute as a substitute for an essential element of the crime:
This Court in Roberson held that an indictment which cited a statute, rather than the specific subsection of the statute, was sufficient to "provide the defendant with notification in fact of the nature of the charge against him and out of what transaction or occurrence it arose." Roberson v. State, 595 So.2d [1310,] 1318 [ (Miss.1992) ]. In Roberson, as with the other cases in which indictments have been upheld, the facts supporting the essential elements of the offense were alleged within the indictment.
Peterson, 671 So.2d at 654. This Court had previously interpreted this statement to mean that the Peterson "court was explaining that despite language in Roberson [and other referenced cases] that a cite to a subsection of a statute provides actual notice, it was still necessary that the indictment contain `the facts supporting the essential elements' of the crime." Hawthorne v. State, 751 So.2d 1090, 1093 (Miss. Ct.App.1999).
¶ 20. So I return to Wilson's indictment. It may be fair to say that "everyone knows" that an eight-year-old sport utility vehicle would have been worth more than twenty-five dollars. The factual validity of that statement might be affected by whether the vehicle was operable, had not been severely damaged by a wreck, previously burned, or otherwise worth nothing more than its scrap metal value. At trial it became evident that no such problems existed. However, whether an element of the offense is in an indictment is not based on whether the element can fairly be implied from what is stated, i.e., whether "everyone knows" or not. The critical omission was any statement of a dollar amount in the indictment.
¶ 21. The indictment could have said the vehicle was worth more than twenty-five dollars, or was worth five thousand dollars, or worth something in between, and any such charge would have sufficed and would have supported conviction if *446 proved. However, whether the value element is sufficiently stated in the indictment does not depend on a sliding scale of assurance that arises from a substitute for a statement of value. A 1991 Ford Explorer might "clearly" be worth at the time of the arson in 1999 more than twenty-five dollars. So might a 1981 Ford Falcon. Or maybe not. The sufficiency of an indictment does not depend on such gradations of certainty. It is not difficult to state the value of property and the statute itself requires it. This is also what Peterson requires.
¶ 22. The opposite defect to omitting value in the indictment occurred in one recent case. There, the indictment for theft of a motor vehicle charged that it was worth more than $250 even though the crime of vehicular theft does not have a value requirement. Richmond v. State, 751 So.2d 1038, 1046 (Miss.1999); Miss. Code Ann. § 97-17-42 (Rev.2000). The Court held that the trial judge properly denied a motion to delete the reference to $250 as doing so would cause "a substantive change in the indictment." Richmond, 751 So.2d at 1046.[6] Instead, the Supreme Court found the indictment required the State to prove value even though value was not a statutory element of the crime. Id. What the State would have us decide in the present case is that even if value of property is a statutory element, it need not be charged but may only be implied. The result in Richmond arises from a quite different view. Value is not incidental or implicit. Even when it is not an element of the crime, once the State errantly includes value in the indictment, it must be proved.
¶ 23. Whether any real doubt of value exists here or not, the Peterson Court may well have undergirded its decision that "we have yet to hold that the essential elements of the crime charged" can be omitted with the conclusion that the fundamental charging instrument that begins a criminal proceeding should not leave anything substantive to implication. Otherwise, the legal dispute becomes whether a fact can fairly be implied, i.e., whether "everyone knows" that the property was worth more than $25. That may depend on whether the property burned was an Explorer, or a Falcon, or an American Motors Pacer.
¶ 24. The State in its brief, written prior to the Supreme Court order that deflected the appeal here, requested that the Peterson decision be reconsidered. Had the Supreme Court retained this case, it could have reconsidered. We, as the intermediate appellate court, may not. I respectfully suggest that the majority has reconsidered by not following Peterson.
¶ 25. The State asserts that Wilson was not prejudiced by the fact that the indictment lacked the value element. However, Peterson remains the law in this State. Though technical, I would continue to apply the plain words of Peterson until the Supreme Court tells us not to do so. Merely identifying the property as a specific make and model of vehicle did not explicitly assign a value to that property. I note that this is not an extraordinary rule as it appears to be standard practice in American criminal courts. 4 WAYNE R. LAFAVE, JEROLD H. ISRAEL, & NANCY J. KING, CRIMINAL PROCEDURE § 19.3(a) (2001) ("an appellate court finding that the pleading failed to allege an essential element will require automatic reversal of the conviction, even though the element not pleaded *447 was proven at trial and submitted to the jury with proper instructions").
¶ 26. The majority also cites a decision of this Court for the proposition that an indictment need not contain exact statutory language. Williams v. State, 772 So.2d 406 (Miss.Ct.App.2000). I agree. It is not a dispute over precise language that causes me to dissent; it is the absence of any statement of the specific element of value. Williams held that taking something from a named person was the equivalent of taking it "from the immediate possession" of that person. The Court found that the phrases were interchangeable. Allegation by implication as occurred here will often leave doubts. Williams is not about allegation by implication.
¶ 27. I note that Peterson reversed and rendered on the count in the indictment that omitted an essential element. Peterson, 671 So.2d at 660. Since no conviction under the fatally defective indictment was appropriate, the case based on that indictment was at an end. In some of the precedents cited in Peterson, the fatal defect in the indictment resulted in a reversal and remand; the defendant was ordered "held under the same bond to await further action of the grand jury." E.g., Watson v. State, 291 So.2d 741, 744 (Miss. 1974), cited in Peterson, 671 So.2d at 653. That is not inconsistent with what occurred in Peterson, since Watson was not remanding to allow prosecution under the original and fatally flawed indictment. In essence, Watson returned the accused to the status of having been granted pretrial bail. By court rule, pretrial bail guarantees the appearance of the accused until discharged by either the trial or an appellate court. URCCC 6.02 B.
¶ 28. I believe that to be the correct approach here. I would reverse.
McMILLIN, C.J., KING, P.J., THOMAS AND IRVING, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] The rule is now Rule 7.06 of the Uniform Circuit and County Court Rules.
[2] Rule 7.06 of the Uniform Circuit and County Court Rules states that the following shall be included in an indictment:

1. The name of the accused;
2. The date on which the indictment was filed in court;
3. A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;
4. The county and judicial district in which the indictment is brought;
5. The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient;
6. The signature of the foreman of the grand jury issuing it; and
7. The words "against the peace and dignity of the state."
UCCCR 7.06 (2001).
[3] This code section was amendment in 1998. Paragraph (1)(c) was replaced with a new paragraph (c) and an additional paragraph (d); these two paragraphs allowed a distinction with regard to the age of the victim with relation to the perpetrator.
[4] See footnote 2.
[5] Though the Peterson opinion gained only four votes and another justice concurred, since that time the Court has applied its holding unanimously. Gray v. State, 728 So.2d 36, 69 (Miss.1998); Hennington v. State, 702 So.2d 403, 407 (Miss.1997).
[6] In some cases the Court has allowed an amendment to an indictment to delete surplus language: Cowan v. State, 399 So.2d 1346, 1351 (Miss.1981); Sturgis v. State, 379 So.2d 534, 537 (Miss.1980); Toliver v. State, 337 So.2d 1274, 1276 (Miss.1976).