IRVING, J.,
for the Court.
¶ 1. Willie Earl Hatten, Sr. was convicted in the Circuit Court of Jones County of possession of a firearm by a convicted felon and sentenced to three years, as a habitual offender, in the custody of the Mississippi Department of Corrections. He appeals, alleging that the trial court erred in refusing to quash the indictment, in refusing to grant a directed verdict, and in denying his request for a new trial.
¶ 2. We find no error in Hattens’ allegations; therefore, we affirm.
FACTS
¶ 3. On April 20, 2003, the Laurel Police Department received an anonymous complaint that a man in the Brown Circle area of Laurel was firing a gun into the air. The complainant gave a detailed description of the man. Officers went to investigate the area. Once there, they discovered Hatten, who was wearing clothing that matched the description given by the anonymous complainant. When the officers encountered Hatten, he was leaning into a truck and was talking to the driver of the truck, which was blocking traffic in the area. When officers conducted a cursory safety search of Hatten, they discovered a 9 millimeter pistol tucked into the waistband of his clothing. One of the officers on the scene knew that Hatten was a convicted felon, and Hatten was arrested and charged as a convicted felon in possession of a deadly weapon, a violation of Mississippi Code Annotated section 97-37-5, as annotated.[1]
*367 ¶ 4. At trial, Hatten testified that a man had driven a ear over his feet. Hatten testified that he was able to stop and encounter the car, whose driver then pulled a gun on Hatten. Hatten testified that there was a struggle, and he was able to wrest the gun away from the man. Hatten further testified that he then called someone to come pick him up and get him out of the area. Hatten testified that the individual in the truck that Hatten was talking to was someone that Hatten was attempting to get a ride with. Hatten also testified that he did not seek medical attention as a result of the car running his feet over. The officers who were at the scene testified that Hatten did not request any medical attention as a result of any injuries that he sustained when the car ran over him. There was no indication that Hatten contacted police regarding the incident with the vehicle and its driver.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Amendment of Indictment

¶ 5. Hatten contends that the indictment charging him was fatally defective because it alleged an incorrect date for one of his prior felony convictions. Hatten admits that the indictment is correct as to everything (court, case number, crime, etc.) except the specific date of the prior conviction. The court found that the indictment was not fatally defective and allowed the State to amend the indictment to reflect the correct date of the prior conviction.
¶ 6. As support, Hatten cites Watson v. State, 291 So.2d 741, 743 (Miss.1974), where the Mississippi Supreme Court reversed a defendant’s conviction on the basis of an indictment which failed to set forth with enough specificity the details of the defendant’s prior felony conviction. We find that Watson is distinguished from this case because the indictment in Watson apparently alleged only that the defendant had “been previously convicted of a felony” without giving any details as to the prior felony. Id. The Watson court noted that the prior felony statute at issue in the case required that the prior conviction be a felony “under the laws of this state, any other state, or of the United States.” Id. Therefore, since the indictment failed to allege anything about the nature of the prior felony, such as what state the felony was obtained in, the indictment was fatally defective. Id. By contrast, the indictment in this case gave numerous details about Hatten’s prior convictions, and merely failed to correctly assert the proper date of one of his prior convictions.
¶ 7. In order to be sufficient, an indictment must “be a plain, concise and definite written statement of the essential facts constituting the offense charged and [must] fully notify the defendant of the nature and cause of the accusation against him.” Havard v. State, 928 So.2d 771, 801 (¶ 60) (Miss.2006) (quoting Byrom v. State, 863 So.2d 836, 865 (Miss.2003)). In the present case, the indictment clearly informed Hatten of his prior convictions. The indictment alleged the crimes exactly, along with their respective cause numbers, and simply contained an incorrect date. Hatten was clearly on notice and informed about the prior convictions that the State intended to use in order to prove his habitual offender status.
¶ 8. Particularly on point is Benson v. State, 551 So.2d 188, 196 (Miss.1989), where the Mississippi Supreme Court held that an indictment’s failure to list any date for a prior conviction was not fatal to the indictment. In so finding, the court noted:
*368 While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhancement punishment to comply with due process.
Id. The same is true in the case currently before us. While the indictment alleged an incorrect date, Hatten clearly had access to and was aware of the proper date of the judgment. Furthermore, because the change of the date in the indictment did nothing to prejudice Hatten in his defense and was not material to the charges against him, the court was correct in allowing the State to amend the indictment to reflect the correct date. Montgomery v. State, 891 So.2d 179, 184-85 (¶¶ 22-23) (Miss.2004).
¶ 9. Also particularly on point is Rule 7.09 of the Mississippi Uniform Rules of Circuit and County Court, which states:
Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Therefore, even if the State had not put Hatten’s prior convictions in the indictment at all, it would have been entitled to amend the indictment to reflect Hatten’s prior convictions that prove his habitual offender status.
¶ 10. The indictment in this case sufficiently apprised Hatten of the “nature and cause of the accusation against him.” The indictment was not fatally defective as a result of the incorrect date alleged for Hatten’s prior conviction, and the court was correct in allowing amendment of the indictment. Therefore, this issue is without merit.

2. Sufficiency of the Evidence

¶ 11. A motion for directed verdict challenges the sufficiency of the evidence supporting a conviction. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). In order for the evidence supporting a conviction to be sufficient, we must find, “after viewing the evidence in the light most favorable to the prosecution, [that a] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). If “reasonable fair-minded men” could have found differently as to each element of the crime charged, the evidence is sufficient to sustain the conviction. Id. (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 12. In this case, the evidence is clearly sufficient to sustain Hatten’s conviction. Hatten claims that the State “offered no eyewitnesses to what happened,” but that simply is not true. Officer Tim McNeil, who first encountered Hatten, patted Hatten down and felt the gun in Hat-ten’s waistband. McNeil then removed the gun from Hatten’s clothing and placed Hatten in handcuffs. Therefore, McNeil clearly observed Hatten possessing a firearm, in violation of the law. Sergeant Kevin Jackson was also at the scene and *369 observed McNeil take the pistol from Hat-ten. While it is true that there were no eyewitnesses who observed Hatten shooting the pistol, it was not necessary for the State to show that Hatten was firing the firearm. Hatten’s possession of the firearm and his status as a convicted felon is sufficient to violate the law.
¶ 13. There was sufficient evidence from which a reasonable jury could find Hatten guilty of possession of a firearm as a convicted felon. Therefore, this issue is without merit.

3. Weight of the Evidence

¶ 14. A motion for a new trial challenges the weight of the evidence offered at trial. We will reverse a conviction as being against the weight of the evidence only when “to allow it [the conviction] to stand would sanction an unconscionable injustice.” Bush, 895 So.2d at 844 (¶ 18) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). We will review the record in the light most favorable to the State. Id. (citing Herring, 691 So.2d at 957). “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶ 18) (Miss.2000)).
¶ 15. Hatten claims that the jury improperly disregarded his version of the incident and claims that an impartial jury could only have found him innocent of the charges against him.
¶ 16. First, we note that the jury sits as the trier of fact in a criminal case and has the sole responsibility of determining the credibility of a witness. Spicer v. State, 921 So.2d 292, 311 (¶ 38) (Miss.2006) (quoting Franklin v. State, 676 So.2d 287, 288 (Miss.1996)). Although Hatten claims that his version of events is uncontradicted, we note that multiple witnesses testified that Hatten did not appear to be injured when he was arrested, nor did he appear upset or flustered. Hatten’s apparent lack of injuries and lack of distress contradicted his version of events, where he was run over by a car and then threatened with a firearm.
¶ 17. Furthermore, the jury was properly instructed regarding Hatten’s self-defense claim. Jury Instruction D-4 instructed the jury:
The Court instructs the jury that where a convicted felon, reacting out of reasonable fear for his life or safety of himself, in the actual, physical course of a conflict that he did not provoke, takes temporary possession of a deadly weapon for the purpose or in the course of defending himself, he is not guilty of being a convicted felon in possession of a deadly weapon. However, the possession of a deadly weapon by the convicted felon either before the danger or for any significant period after it, remains a violation.
This language is identical to language that this Court has previously approved as a proper statement of the law. Lenard v. State, 828 So.2d 232, 237 (¶¶ 24-25) (Miss.Ct.App.2002).
¶ 18. There was certainly evidence from which the jury could draw the conclusion that, even if Hatten’s self-defense story was credible, he retained possession of the firearm in question for a “significant period” after the danger had passed. Hatten himself testified that the vehicle in question drove away after their altercation and was not seen again. Hatten had time to find a telephone, to make phone calls, and to attempt to get a ride away from the area. Furthermore, the testimony of the officers who were at the scene was clear that Hatten did not appear to be anxious or in fear for his safety at the time of his *370 arrest. There was more than enough evidence from which the jury could find Hat-ten guilty, even if it accepted his story as credible. Therefore, allowing the verdict to stand does not sanction an unconscionable injustice, and the court did not err in refusing to grant Hatten a new trial.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER, WITHOUT THE OPPORTUNITY FOR EARLY RELEASE OR PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Section 97-37-5(1) reads: "It shall be unlawful for any person who has been convicted *367 of a felony ... to possess any firearm...."